UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USE TECHNO CORPORATION and FUTOSHI MATSUYAMA,<br><br>Plaintiffs,<br><br>v.<br><br>KENKO USA, INC.; et al.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS AND CROSS-CLAIMS. | CASE NO. 06-CV-02754-EDL<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

## BASIS FOR STIPULATION AND ORDER

The Court recognizes that at least some of the documents and information ("**Protected Materials**") being sought through discovery in the above-captioned Action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Protective Order in this Action.

The Materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7). The purpose of this Order is to protect the confidentiality of such Materials as much as practical during the litigation. THEREFORE:

## STIPULATION AND ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, plaintiffs Use Techno Corporation and Futoshi Matsuyama, and defendants Kenko U.S.A., Inc., SoftGel Technologies, Inc., Chemco Industries, Inc. and Ronald G. Udell, hereby stipulate to the following Protective Order:

**IT IS HEREBY ORDERED**:

During this Action, with respect to any information, testimony, documents, or things obtained by any Party to this Action in response to any discovery where such items are asserted to contain or comprise trade secret, confidential, or proprietary information, the following procedures shall be employed and the following restrictions shall govern:

### 1. PURPOSE

It is the purpose of this Protective Order to allow the Parties to have reasonable access to information from all Parties while protecting the alleged trade secret status or confidentiality of that information under Rule 26 of the Federal Rules of Civil Procedure without frequent resort to determinations of discoverability by the Court.

### 2. DEFINITIONS

**2.1** The term **"Confidential Information"** shall mean and include information contained or disclosed in any Materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

**2.2** The term **"Materials"** shall include, but is not limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches;

drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

  **2.3** The term "**Action**" means Use Techno Corporation and Futoshi Matsuyama v. Kenko U.S.A., Inc., et al. [C06-02754 (EDL)].

  **2.4** The term "**Counsel**" shall mean outside Counsel of record in this Action or appeals there from, and other attorneys, paralegals, secretaries, and other support staff employed to whom it is necessary to disclose Protected Material for the purpose of this Action who are employed by the law firms identified below:

| **ROPERS, MAJESKI, KOHN & BENTLEY** | **DORSEY & WHITNEY LLP** |
|---|---|
| Attorneys for Use Techno Corporation and Futoshi Matsuyama | Attorneys for Kenko U.S.A., Inc., SoftGel Technologies, Inc., Chemco Industries, Inc. and Ronald G. Udell |

  **2.5** The term "**Independent Expert**" means an expert and/or independent consultant or contractor actually retained or employed to advise or assist Counsel in the preparation and/or trial of this Action, and their secretarial assistants and support personnel or other assistants, who (a) are not employed by or a consultant to a Party to whom it is necessary to disclose Protected Material for the purpose of this Action; and (b) unless written consent of all Parties is obtained, who shall agree not to be an employee of or consultant to a Party or its competitors, with respect to the subject matter of this Action, beginning at the time the Independent Expert signs the Acknowledgment of Order and Non-Disclosure Agreement attached as **Appendix A** and extending one (1) year after the last day of trial, or one (1) year from the time a global settlement is reached by the parties, which period can be extended by agreement of all Parties, or by Court order if necessary because of this litigation. The restriction regarding employment of or consultation to shall extend to the Independent Expert, his or her partners, principals in the Independent Expert's business entity, associates in the business entity, and assistants in the business entity.

  **2.6** The term "**Third Party Witness**" means any third party from whom discovery is sought by way of subpoena by any Party in this Action.

RC1/416548 1/LD    - 3 -    [PROPOSED] STIPULATED PROTECTIVE ORDER
C06-CV-2754 EDL

**2.7** The term **"Legend"** means any of the following markings: "CONFIDENTIAL", "CONFIDENTIAL - ATTORNEY'S EYES ONLY," "CONFIDENTIAL - AEO," or followed by "Not to be disclosed or used except in accordance with the Protective Order entered into under Case Number 06 CV-02754" as appropriate to the level of confidentiality pursuant to Section 3.

**2.8** The term **"Protected Material"** means any Discovery Material which contains Confidential Information and bearing a Legend, and any information derived from such Protected Material, including, any copies, abstracts, summaries, compilations, testimony, or other such record derived from such Protected Material, and any note or other record concerning the contents of such Protected Material.

**2.9** The term **"Trial Preparation Materials"** means documents and materials such as pleadings, court papers and briefs, exhibits, depositions, interrogatories, and the like, and summaries thereof or notes pertaining thereto.

## 3. DESIGNATION AND ACCESS TO PROTECTED MATERIAL

**3.1** Designation in General. Any party to this litigation that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEY'S EYES ONLY," or "CONFIDENTIAL – AEO."

    **3.1.1 Designation as "CONFIDENTIAL":** Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its Counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

    **3.1.2** Designation as "CONFIDENTIAL - ATTORNEY'S EYES ONLY": Any party may designate information as "CONFIDENTIAL - ATTORNEY'S EYES ONLY " or "CONFIDENTIAL – AEO" only if, in the good faith belief of such party and its Counsel, the information is among that considered to be most sensitive by the party, including but

1 not limited to trade secret or other confidential research, development, financial or other
2 commercial information.

        **3.2**    All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

        **3.3**    CONFIDENTIAL – ATTORNEY'S EYES ONLY Documents. Information designated "CONFIDENTIAL - ATTORNEY'S EYES ONLY" shall be viewed only by Counsel (as defined in paragraph 2.4) of the receiving party, and by independent experts under the conditions set forth in this Paragraph 2.5. The right of any independent expert to receive any Confidential Information shall be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert shall provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the Acknowledgment of Order and Non-Disclosure Agreement attached hereto as **Appendix A**, in advance of providing any Confidential Information of the producing party to the expert. Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert. Confidential Information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts shall not be unreasonably withheld.

        **3.4**    **CONFIDENTIAL –Documents**. Information designated "CONFIDENTIAL" shall be viewed only by Counsel (as defined in section 2.4) of the receiving party, by independent experts (pursuant to the terms of sections 2.5 and 3.3), and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

        (a)    Executives who are required to participate in policy decisions with

RC1/416548.1/LD — -5- — [PROPOSED] STIPULATED PROTECTIVE ORDER
C06-CV-2754 EDL

reference to this Action;

(b) Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this Action; and

(c) Stenographic and clerical employees associated with the individuals identified above.

**3.5 Inspection.** In the event the producing party elects to produce Materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all Materials produced shall be considered as "CONFIDENTIAL - ATTORNEY'S EYES ONLY," and shall be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified Materials for copying by the inspecting party, the producing party shall, within a reasonable time prior to producing those Materials to the inspecting party, mark the copies of those Materials that contain Confidential Information with the appropriate confidentiality marking.

**3.6 Electronic Data.** Any Protected Material produced on any computer-related media (hereinafter "disk") may be designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY." In the event that a Receiving Party generates any "hard copy" or printout from any designated disk, such party must immediately stamp, or as soon thereafter as is practical, each page "CONFIDENTIAL or "CONFIDENTIAL - ATTORNEY'S EYES ONLY," and the hard copy or printout shall be treated as Protected Material.

**3.7 Post-Production Designation.** The inadvertent failure to designate Confidential Information as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" prior to or at the time of disclosure shall not operate as a waiver of a Producing Party's right to designate said information as "Confidential" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" within thirty (30) days subsequent to such disclosure. If any Party designates Discovery Material as Protected Material after production, the designating Party shall notify all Counsel in writing and produce a copy within 10 days of the newly designated Discovery

1  Material with the appropriate Legend. After receipt of the notice in writing, regardless of whether
2  other Counsel agrees with the appropriateness of the designation, all Counsel shall treat the
3  designated Discovery Material as Protected Material, and shall take reasonable and appropriate
4  steps, if possible under the circumstances, to reclaim possession of any of such designated
5  Discovery Material which may have reached the possession of a person not authorized under this
6  Protective Order to receive Protected Material. Upon receipt of the newly designated Discovery
7  Materials, the Receiving Party shall promptly destroy or return all copies of Discovery Materials
8  which do not bear the new designation.

9      **3.8**   **Designation by Receiving Party.** Counsel for a Receiving Party may at
10 their discretion designate any Discovery Material received from a Producing Party as
11 "CONFIDENTIAL" by notifying all Counsel in writing of such designation. After receipt of the
12 notice in writing, regardless of whether Counsel agrees with the designation, all Counsel shall
13 treat the designated Discovery Material as Protected Material, and shall take reasonable and
14 appropriate steps, if possible under the circumstances, to reclaim possession of any of such
15 designated Discovery Material which may have reached the possession of a person not authorized
16 under this Protective Order to receive Protected Material.

17     **3.9**   **Designation By Any Other Party.** Notwithstanding any other provision
18 of this Order, any other Party (whether a Party or Third Party witness or not) may at such Party's
19 discretion make the designation described in section 3.1. Upon such designation, the provisions
20 of paragraph 3.1 shall apply to the Discovery Material so designated.

21     **3.10**   **Duty To Keep Confidential.** All Protected Material produced under this
22 Protective Order shall be held in confidence by those inspecting or receiving it, and shall be used
23 solely for purposes of this Action and for no other purposes. Counsel for each party, and each
24 person receiving Confidential Information shall take reasonable precautions to prevent the
25 unauthorized or inadvertent disclosure of such information. Persons having access to Protected
26 Material shall not disclose or provide Protected Material to any person not authorized under this
27 Protective Order. No Protected Material may be made available to, or in any manner revealed to
28 or discussed with any other entity (including the Receiving Party), except:

RC1/416548.1/LD      - 7 -      [PROPOSED] STIPULATED PROTECTIVE ORDER
C06-CV-2754 EDL

    (i)  solely in accordance with the procedures set forth in this Protective Order, or

    (ii)  upon the express written permission of Counsel for the Producing Party.

**3.11 Unauthorized Disclosure Of Protected Material.** If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

**3.12 Protected Material Inadvertently Not Labeled.** If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the Materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the Materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced Materials as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY" - SUBJECT TO PROTECTIVE ORDER.

**3.13 Absence of Legend.** No party shall be responsible to another party for disclosure of Confidential Information under this Order if the information in question does not include a Legend as set forth at paragraph 2.7 or fails to otherwise identify such information in accordance with this Order.

3.14 The restrictions and obligations set forth herein shall not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court

RC1/416548.1/LD      - 8 -      [PROPOSED] STIPULATED PROTECTIVE ORDER
C06-CV-2754 EDL

Case 3:06-cv-02754-EDL   Document 63   Filed 01/25/2007   Page 9 of 16

rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or shall come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by preproduction documentation.

**3.15** The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

## 4. DESIGNATION NOT DETERMINATIVE OF STATUS

**4.1** The designation of Discovery Material as "Protected Material" shall not be taken as a determination or admission by any Party that such Discovery Material is in fact protectable as a trade secret or otherwise. The designation of Discovery Material as being "Protected Material" does not alter or enhance the nature of that Discovery material or its confidentiality or create a presumption of any confidentiality. No Party shall be obligated to challenge the propriety of a "Protected Material" designation at the time of receipt of such Discovery Material and a failure to do so shall not preclude a subsequent attack on the propriety of the designation.

**4.2** At any stage of these proceedings, any party may object to a designation of the Materials as Confidential Information. Any party disagreeing with the designation of any document or information as Protected Material shall so notify all Parties in writing. The designating Party shall then have a period of seven (7) business days from the date of receipt of such notice to advise all Parties in writing whether or not the designating Party persists in such designation and setting forth a good faith basis for such designation. If the dispute is not resolved consensually between the parties within seven (7) business days of receipt of such a notice of continued designation, the objecting party may move the Court for a ruling on the objection. The Materials at issue shall be treated as Confidential Information, as designated by the designating party, until ordered by the Court or by any appellate court, should appellate review be sought. The Burden of Proof that the designated material is protectable material as set forth under Fed. Rule. Civ. Proc 26 (c) will fall on the designating party.

    4.3    The failure of any Party to expressly challenge a claim of confidentiality or the designation of any document or information as Protected Material at the time of disclosure or designation shall not constitute a waiver of the right to assert at any subsequent time that the same is not in fact confidential or not an appropriate designation for any reason.

    4.4    This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order shall not be used by either party as a basis for discovery that is otherwise not proper under the Federal Rules of Civil Procedure.

    4.5    Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

## 5. USE OF PROTECTED MATERIALS

    **5.1    Using Protected Materials with Deponents.** Where the party taking the deposition of a party or Third Party Witness wishes to show the deponent any document marked "CONFIDENTIAL – ATTORNEY'S EYES ONLY" or "CONFIDENTIAL", the deposing party shall give notice to Counsel for all parties of the intention to show the deponent such document three working days before the deposition to provide the parties with time to object to the use of any such document, unless the deponent is properly designated as an Independent Expert pursuant to this Protective Order. Counsel may show such deponent any of the documents reported under this Paragraph, so long as the document remains in the control of an attorney and no copies are made. If a deposing party fails to give notice of the use of a document marked "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY", such party may not use the document on that deposition day.

    **5.2    Deposition Testimony Designation.** Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

        5.2.1    said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Order; such designation

shall be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party shall have until fifteen (15) days after receipt of the deposition transcript to inform the other party or parties to the Action of the portions of the transcript designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY." Accordingly, to protect Confidential Information until such designations can be made, for the first fifteen (15) days after receipt of the deposition transcript, and no later, the entire transcript shall be treated as "CONFIDENTIAL - ATTORNEY'S EYES ONLY;"

        **5.2.2** the disclosing party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

        **5.2.3** the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing shall not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

        **5.3** **Review by Author.** With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY'S EYES ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof, may be shown the same.

        **5.4** All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY " by the producing or disclosing party, and any and all reproductions thereof, shall be retained in the custody of the Counsel for the receiving party identified in paragraph 2.4, except that independent experts authorized to view such

1 information under the terms of this Order may retain custody of copies such as are necessary for
2 their participation in this litigation, as set forth in paragraph 2.5.

3         **5.5**     **Return of Protected Material.** Upon final termination of this Action,
4 including any and all appeals, Counsel for each party shall, upon request of the producing party,
5 return all Confidential Information to the party that produced the information, including any
6 copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party,
7 and shall purge all such information from all machine-readable media on which it resides.
8 Notwithstanding the foregoing, Counsel for each party may retain all pleadings, briefs,
9 memoranda, motions, and other documents filed with the Court that refer to or incorporate
10 Confidential Information, and will continue to be bound by this Order with respect to all such
11 retained information. Further, attorney work product Materials that contain Confidential
12 Information need not be destroyed, but, if they are not destroyed, the person in possession of the
13 attorney work product will continue to be bound by this Order with respect to all such retained
14 information.

15         **5.6**     **Advice of Counsel.** Nothing under this Protective Order shall bar or
16 otherwise restrict Counsel from rendering advice to a Party with respect to this Action, and in the
17 course thereof, relying in a general way upon examination of any Protected Material. However,
18 in rendering such advice and in otherwise communicating with the party, such Counsel shall not
19 disclose the contents of any protected Material contrary to the terms or intent of this Protective
20 Order.

21         **6. Inadvertent Disclosure of Privileged Material**

22         In the event that any document immune from discovery under the attorney-client
23 privilege, work product doctrine, or other applicable privilege or immunity, is inadvertently or
24 unintentionally produced, whether or not the producing party exercised due care in reviewing
25 documents for production, the producing party may request that all copies of the document be
26 returned, and the receiving party shall return such document, and any copies thereof, forthwith
27 and shall not make any use of that document or information contained therein. If the receiving
28 party does not immediately return such documents upon demand, the producing party may move

RC1/4165481/LD       - 12 -     [PROPOSED] STIPULATED PROTECTIVE ORDER
C06-CV-2754 EDL

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*Redwood City*

the Court for an order requiring their immediate return. Any inadvertent or unintentional production shall not result in a waiver of the attorney-client privilege, work product doctrine or other protection either as to that document, the specific information contained therein, or as to any other information relating thereto or on the same or related subject matter.

### 7. COURT PROCEDURES

**7.1 Protected Material Filed with the Court.** Before any Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material shall seek permission of the Court to file said material under seal. The parties will follow and abide by applicable law with respect to filing documents under seal in this Court, **including Civil L.R. 79-5.**

7.2 Any briefs, transcripts, exhibits, depositions, or documents which are filed or lodged with the Court which comprise, embody, summarize, discuss, or quote from Protected Material shall be filed under seal, unless the Parties otherwise agree in writing or the Court otherwise orders. Where reasonably practical, only the portions of documents consisting of Protected Material shall be lodged or filed under seal. ~~No motion or other request to file or lodge Protected Material under seal shall be required of that Party.~~ Such Protected Material shall be filed or lodged in sealed envelopes or other appropriate sealed containers. Each sealed envelope or container shall be endorsed with the title of the Action, the Legend, and a statement substantially in the following form:

> *This envelope is sealed pursuant to Order of the Court, contains Confidential Information, and is not to be opened or the contents revealed except: (1) by order of the Court and then resealed, or (2) by agreement of the parties.*

7.3 The parties agree that persons employed by the Court have no duty to the parties to protect or maintain the alleged confidentiality of any information in any papers not filed under seal with the Court.

7.4 Any Court hearing which refers to or describes, "CONFIDENTIAL – ATTORNEYS EYES ONLY" or "CONFIDENTIAL INFORMATION" shall, in the court's

discretion, be in camera.

**7.5** Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

## 8. NOTICE

**8.1** Transmission by facsimile is acceptable for all notification purposes herein.

## 9. AMENDMENT

**9.1** This Order may be modified by agreement of the parties, subject to approval by the Court.

**9.2** The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

## 10. ACKNOWLEDGMENT OF PROTECTIVE ORDER AND NON-DISCLOSURE AGREEMENT

**10.1** Before obtaining access to any Protected Material covered by this Protective Order, each, and every, person who is permitted to have access to Protected Material under this Protective Order must signify assent to the terms of this Protective Order by executing the Acknowledgment of Order and Non-Disclosure Agreement attached as **Appendix A**, indicating that he or she has read and understood this Protective Order and agrees to be bound by the terms. A copy of each such Acknowledgment of Order and Non-Disclosure Agreement shall be furnished to all Counsel for all Parties within five (5) business days after execution.

///
///
///

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

**IT IS SO STIPULATED:**

Dated: 1/25/07

ROPERS, MAJESKI, KOHN & BENTLEY

By: /s/ Lael Andara
ROBERT P. ANDRIS
LAEL D. ANDARA
Attorneys for Plaintiffs
USE TECHNO CORPORATION and
FUTOSHI MATSUYAMA

Dated: 12/15/06

DORSEY & WHITNEY LLP

By: /s/ Sri K. Sankaran
SRI K. SANKARAN
Attorneys for Defendants Kenko U.S.A., Inc., SoftGel Technologies, Inc., Chemco Industries, Inc. and Ronald G. Udell

### ORDER

**IT IS SO ORDERED**, AS MODIFIED AND SUBJECT TO MAGISTRATE JUDGE LAPORTE'S STANDING ORDER ON CONFIDENTIAL AND SEALED DOCUMENTS.

DATED: January 29, 2007

*IT IS SO ORDERED AS MODIFIED*
*Elizabeth D. Laporte*
*Judge Elizabeth D. Laporte*

HONORABLE ELIZABETH D. LAPORTE
JUDGE OF THE DISTRICT COURT

RC1/416548.1/LD

- 15 -

[PROPOSED] STIPULATED PROTECTIVE ORDER
C06-CV-2754 EDL

# APPENDIX A

## ACKNOWLEDGMENT OF ORDER AND NON-DISCLOSURE AGREEMENT

I have read and understand the Stipulated Protective Order ("the Order") in *Use Techno Corporation and Futoshi Matsuyama v. Kenko U.S.A., Inc., et al.* [C06-02754 (EDL)], filed in the United States District Court, Northern District of California, and I agree to be bound by all of its terms.

I hereby agree not to use or disclose any Protected Material covered by this Protective Order, except as permitted by the Order, to maintain the Protected Material with at least the same degree of care that the undersigned uses to protect the undersigned's confidential and proprietary information (but no less than a reasonable degree of care under the circumstances), and otherwise to comply with each and every provision of this Order.

I consent to the jurisdiction of the United States District Court, Northern District of California for any proceeding to enforce this agreement.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:_____

_____
(Signature)

_____
(Type or Print Name)

_____

_____
(Address)

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City