IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USE TECHNO CORPORTATION AND FUTOSHI MATSUYAMA,<br><br>Plaintiffs,<br><br>v.<br><br>KENKO USA, Inc., et.al.,<br><br>Defendants. | No. C-06-02754 EDL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO AMEND** |

In this patent infringement case, Plaintiffs Use Techno and Futoshi Matsuyama seek leave to amend their complaint to: (1) add a fraud claim against all Defendants based on the allegation that Defendants never intended to perform their obligations under the January 26, 2005 Exclusive Sales Agreement between Use Techno and Kenko Corporation; (2) add as a defendant Satomi Tsuchibe, the President of Kenko Corporation in Japan and an officer of Defendant Kenko USA, based on his involvement in the fraud; (3) add allegations with respect to the false advertising claim; (4) remove references to Defendants that are no longer in this case; and (5) remove claims based on the '760 and '206 patents. See Declaration of Lael Andara Ex. A. This matter was fully briefed and the Court held a hearing on July 31, 2007. The Court gave the parties leave to file supplemental briefs, which were filed on August 3, 2007 and August 7, 2007. For the reasons stated at the hearing and set forth herein, the Court issues the following Order.

**Legal Standard**

Ordinarily, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); see also Jackson v. Bank of Hawaii, 902 F. 2d 1385, 1387 (9th Cir. 1990) (naming four

factors commonly used to determine whether leave to amend should be permitted pursuant to Rule 15: (1) bad faith/dilatory motive; (2) prejudice to the opposing party; (3) undue delay; and (4) futility of amendment). However, where, as here, a plaintiff seeks to amend after the deadline for amending the pleadings contained in the pretrial scheduling order issued pursuant to Rule 16(b), the scheduling order must be modified, which requires a showing of good cause. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). This standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) ("If that party was not diligent, the inquiry must end."); see also Coleman, 232 F.3d at 1293. A court may deny as untimely a motion filed after the cutoff date in the scheduling order where no request to modify the order was made. Johnson, 975 F.2d at 608 (suggesting that, but not rejecting, cases treating a late-filed motion to amend as a motion to modify the scheduling order are not the rule in the Ninth Circuit, but saying that even if the motion to amend in that case were treated as a motion to modify, the district court did not err in denying it) (citing U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff, 768 F.2d 1099, 1104 (9th Cir. 1985)). If good cause is shown pursuant to Rule 16, then the party seeking amendment must also demonstrate that leave to amend is proper under Rule 15. See Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D. N.C. 1987), cited in Johnson, 975 F.2d at 608.

**Discussion**

Here, Plaintiffs have failed to show good cause pursuant to Rule 16 to modify the scheduling order to permit the fraud amendment or the addition of Mr. Tsuchibe as a Defendant. Plaintiffs argue that Defendants' fraud was revealed through the deposition of Mr. Tsuchibe taken on April 25 and 27, 2007, when he testified that the Exclusive Sales Agreement between Use Techno and Kenko Corporation dated January 26, 2005 was a fraudulent document. See Andara Decl. Ex. C (Tsuchibe Deposition) at 294:15-21; 297:5-18; 299:22-24 ("Q: Okay. So this document [January 26, 2005 Exclusive Sales Agreement] was simply created to mislead the shareholders of UTC. A: Yes. Q: And you signed this document. A: Yes. Q: Knowing that it was a fraud. A: Yeah, . . . ."). However, according to their proposed amended complaint, Plaintiffs allege that the fraud was revealed earlier in a November 27, 2006 communication to Use Techno shareholders, and that Mr.

2

Tsuchibe's deposition testimony only confirmed and reiterated the contents of the November 27, 2006 communication:

> Defendants' November 27, 2006 communication to UTC shareholders showed, however, that defendants never intended to perform their obligations under the January 25, 2005 contract. [citation to exhibit omitted]. Defendants' intention not to perform was confirmed during Mr. Tsuchibe's deposition of April 27, 2007. Defendants have designated these portions of the transcript "Confidential" and, therefore, they cannot be cited here. The testimony, however, reiterates much what Tsuchibe set forth in his communication to UTC's shareholders of November 27, 2006.

Andara Decl. Ex. A at ¶¶ 106-107. Moreover, Plaintiffs had knowledge of and access to the November 2006 communication as early as December 26, 2006, when the communication was submitted as evidence by Plaintiffs' Japanese counsel to the Tokyo District Court in the matter of Kenko Corp. v. Use Techno Corp., 2006 (Wa) No. 14587 and No. 23109. See Declaration of Sri Sankaran Ex. A, B.

     Plaintiffs offer no good cause for failing to seek amendment of the complaint to state a fraud claim after receiving the November 27, 2006 communication, and they make no showing that they did not have this communication as early as December 2006. Plaintiffs argue that Plaintiffs' American counsel in this case did not have the document until later, and that many documents in this case were produced in Japanese and that they chose not to translate all Japanese documents. However, Plaintiffs themselves had the document and were not hindered by any language barrier, but to the contrary used the document in litigation with Kenko Corporation in Japan. Moreover, the fraud claim is alleged against all Defendants, not just Mr. Tsuchibe, so the existing Defendants would be prejudiced by amendment. In addition, the parties would need additional time to take discovery on the new claim, which would derail the case management schedule under which discovery is set to close on September 1, 2007. Although Plaintiffs argue that this matter may be stayed due to a potential reexamination of the '459 patent, that possibility has not yet materialized and remains speculative. Further, a stay generally extends to discovery. Accordingly, because Plaintiffs have failed to show good cause, the Court declines to modify the scheduling order to permit amendment to add a fraud claim or add Mr. Tsuchibe as a Defendant.

     However, Plaintiffs have demonstrated good cause for some of the amendments to the false

3

advertising claim. In the first amended complaint, Plaintiffs allege:

> Defendants Soft-Gel, Chemco, Jarrow Industries and Jarrow Formulas made false statements that all their products were protected by the '760 or '459 Patents for the purpose of deceiving the public.
>
> Upon information and belief, plaintiffs allege that defendants Soft-Gel, Chemco, Jarrow Industries and Jarrow Formulas have committed thousands of separate offenses through their web pages advertising, catalog advertising, product advertising and statements made by their representatives to the public.

First Am. Compl. ¶¶ 80-81. In the proposed second amended complaint, Plaintiffs essentially add more specific allegations regarding the '760 and '459 patents and add new allegations regarding the '206 patent. In their supplemental brief regarding the amendments to the false advertising claim, however, Plaintiffs do not attempt to justify their new allegations with respect to the '206 patent. Therefore, they have abandoned those allegations (Proposed Am. Compl. ¶¶ 184, 187) and leave to amend is denied as to the false advertising allegations concerning the '206 patent.

Defendants argue that the new allegations relating to the '760 and '459 patents are not necessary in light of paragraphs 80 and 81 of the first amended complaint. Defendants, however, have failed to identify any prejudice that they would suffer if the new allegations, which appear to only further define the earlier allegations, were added. Accordingly, Plaintiffs' motion to amend the false advertising claim is granted with respect to allegations regarding the '760 and '459 patents.

In addition, Plaintiffs have shown good cause for amendment of the complaint to remove references to Defendants that are no longer in this case and to remove claims based on the '760 and '206 patents. Therefore, Plaintiffs' Motion to Amend is granted in part and denied in part as set forth above.

**IT IS SO ORDERED.**

Dated: August 13, 2007

ELIZABETH D. LAPORTE
United States Magistrate Judge

4