1
2
3
4
5
6
7                              IN THE UNITED STATES DISTRICT COURT
8                            FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   USE TECHNO CORPORTATION AND                    No. C-06-02754 EDL
     FUTOSHI MATSUYAMA,
11                                                  **ORDER DENYING DEFENDANTS'**
                    Plaintiffs,                     **MOTION FOR PROTECTIVE ORDER**
12                                                  **TO PREVENT THE KAWABATA**
            v.                                      **DEPOSITION**
13
     KENKO USA, INC., et.al.,
14
                    Defendants.
15   _____/
16
17          Defendants filed this motion for a protective order seeking to prevent the deposition of

18   Yoshihiro Kawabata, arguing that Mr. Kawabata, who lives and works in Japan, is not a party to this

19   litigation, nor is he an employee, officer, director or managing agent of a party to this litigation, and

20   so he cannot be compelled to appear for a deposition pursuant to a deposition notice issued pursuant

21   to Federal Rule of Civil Procedure 30.  Instead, Defendants argue that Mr. Kawabata is affiliated

22   with Kenko Corporation, which is not a defendant in this case, and that Plaintiff must serve Mr.

23   Kawabata with a subpoena for his deposition pursuant to the Hague Convention or other applicable

24   treaty.  Plaintiffs oppose this motion.  Because this matter was appropriate for decision without oral

25   argument, the Court vacated the August 21, 2007 hearing.

26          On May 25, 2007, Plaintiffs noticed Mr. Kawabata's deposition for June 19, 2007.  See

27   Declaration of Lael Andara Ex. E.  Prior to issuing this notice, Plaintiffs attempted to obtain

28   available dates for the deposition from Defendants.  See, e.g., Andara Decl. Ex. C, D.  Defendants

     indicated that they were checking on available dates.  See, e.g., Andara Decl. Ex. B.  It appears that

     only after the deposition notice was served did Defendants state their position that Mr. Kawabata

**United States District Court**
**For the Northern District of California**

**United States District Court**
For the Northern District of California

1  would not be subject to a Rule 30 deposition notice because he was not a party, nor an employee,

2  officer, director or managing agent of a party.  After learning that Mr. Kawabata would not appear

3  for the deposition, Plaintiffs took the deposition off calendar.  See Declaration of Amy Gruber Ex. J.

4  On June 21, 2007, Plaintiffs renoticed Mr. Kawabata's deposition for July 10, 2007.  See Andara

5  Decl. Ex. V.  On July 9, 2007, Defendants filed this motion.

6       In their opposition, Plaintiffs argue that a Rule 30 deposition notice is appropriate because

7  Mr. Kawabata is a managing agent of Defendants in this case.  Several factors guide the Court's

8  determination of whether a person is a managing agent:

      1.    whether the individual is invested with general powers allowing him to
9              exercise judgment and discretion in corporate matters;
      2.    whether the individual can be relied upon to give testimony, at his
10           employer's request, in response to the demand of the examining party;
      3.    whether any person or persons are employed by the corporate employer in
11           positions of higher authority than the individual designated in the area
12           regarding which information is sought by the examination;
      4.    the general responsibilities of the individual "respecting the matters
13           involved in the litigation;" and
      5.    whether the individual can be expected to identify with the interests of the
14           corporation.

15  Sugarhill Records, Inc. v. Motown Record Corp., 105 F.R.D. 166, 170 (S.D. N.Y. 1985);see also

16  United States v. Afram Lines (USA), Ltd., 159 F.R.D. 408, 413 (S.D. N.Y. 1994).  The party

17  seeking the deposition bears the burden of providing evidence that the proposed deponent is a

18  managing agent.  Id.  This is a fact-intensive inquiry and courts resolve close questions of a

19  deponent's status in favor of the examining party.  Id. at 171; Afram, 159 F.R.D. at 413 ("Thus, it

20  appears that the examining party has the burden of providing enough evidence to show that there is

21  at least a close question whether the proposed deponent is a managing agent.").  However, the

22  balance in favor of the examining party is less strong "where the proposed deponent is not an

23  employee of the opponent, and may, in fact, be beyond its control."  Afram Lines, 159 F.R.D. at 413.

24

25       On balance, Plaintiffs have met their burden of showing at a minimum a close question,

26  which is resolved in their favor, as to whether Mr. Kawabata is a managing agent of one or more

27  Defendants for purposes of service of a deposition notice, and that he is not beyond Defendants'

28  control.  Specifically, documents produced in discovery demonstrate Mr. Kawabata's involvement

**United States District Court**
For the Northern District of California

1    in and ability to exercise judgment with respect to corporate matters of the Defendants in this case.

2    See, e.g., Andara Decl. Ex. P (fax from Defendant Soft-Gel to Mr. Kawabata asking him to approve

3    the formula in a product description for Glucosol); Ex. K (e-mail messages to Mr. Kawabata seeking

4    his help with the substance of the contract between Plaintiff and Defendant Soft-Gel and Kenko

5    Corporation).  More telling is the deposition testimony of Mr. Tsuchibe, who is the President of

6    Kenko Corporation in Japan and an officer of Defendant Kenko USA, regarding Mr. Kawabata's

7    authority:

8            I'm organizing so many companies, I'm not involved in this kind of thing my
             personally, and *Mr. Kawabata in charge.*  So I think Kawabata present to  me,
9            then he also mentioning in this letter.  *So I suppose whatever he made, Kawabata
             made, you know, on my behalf, you know.*

10

11   Andara Decl. Ex. I (emphasis added).  Given the control exercised by Mr. Kawabata as reflected in

12   Mr. Tsuchibe's deposition testimony and in the documents, Mr. Kawabata can be expected to

13   identify with the interests of the Defendant corporations.  Moreover, taken as a whole, the evidence

14   shows that Mr. Kawabata had important responsibilities with respect to the subject matter of this

15   litigation.

16          Defendants' representation to Plaintiffs that they would look into available dates for Mr.

17   Kawabata's deposition demonstrates that Defendants have control over Mr. Kawabata.  And

18   Defendants did not provide any declaration with this motion showing that they do not have control

19   over him or that he has refused to be deposed.  It was reasonable for Plaintiffs to rely on Defendants'

20   representation and proceed with a deposition notice.  Only after Plaintiffs served the deposition

21   notice did Defendants raise the issue of Mr. Kawabata's relationship with the Defendants in this

22   case.  In addition, the fact that Defendants brought this motion seeking to prevent Mr. Kawabata's

23   deposition illustrates the close connection between Mr. Kawabata and Defendants.

24          Accordingly, Defendants' Motion for a Protective Order is denied.

25          **IT IS SO ORDERED.**

26   Dated: August 20, 2007                          *Elizabeth D. Laporte*
                                                      _____
27                                                    ELIZABETH D. LAPORTE
                                                      United States Magistrate Judge

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California