IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USE TECHNO CORPORTATION AND FUTOSHI MATSUYAMA,<br><br>     Plaintiffs,<br><br>  v.<br><br>KENKO USA, INC., et.al.,<br><br>     Defendants.                              / | No. C-06-02754 EDL<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO COMPEL AND DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR FEES AND COSTS** |

On September 12, 2007, Defendants filed a motion to compel responses to written discovery and on September 18, 2007, Defendants filed a motion for fees and costs pursuant to 35 U.S.C. § 285. The motions are fully briefed. Because these matters are appropriate for decision without oral argument, the Court vacated the October 23, 2007 hearing. This Order denies Defendants' motions based on counsel's failure to meet and confer.

**Motion to Compel**

In their motion to compel, Defendants sought further responses to Requests for Admission Nos. 91, 92 and 102-105, or for an order deeming those Requests admitted, to Interrogatories Nos. 4 and 6-8, and to Request for Production of Documents No. 27. There has been no showing, however, that Defendants met and conferred in good faith prior to filing the motion to compel.

Counsel are required to meet and confer, or attempt to meet and confer, in good faith prior to filing a discovery motion. Fed. R. Civ. P. 37(2)(B) ("The motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court

action."); Civil L.R. 37-1(a) ("The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to FRCivP 37, counsel have previously conferred for the purpose of attempting to resolve all disputes."). Moreover, the meet and confer requirement commands "direct dialogue and discussion." Civil L.R. 1-5(n) ("'Meet and confer' or 'confer' means to communicate directly and discuss in good faith the issue(s) required under the particular Rule or order. Unless these Local Rules otherwise provide or a Judge otherwise orders, such communication may take place by telephone. The mere sending of a written, electronic or voice-mail communication, however, does not satisfy a requirement to 'meet and confer' or 'confer.' Rather, this requirement can be satisfied only through direct dialogue and discussion -- either in a face to face meeting or in a telephone conversation.").

Here, in the morning of September 12, 2007, Defendants' counsel Surya Saxena and Kevin Ueland telephoned Plaintiff's counsel Lael Andara in an effort to meet and confer about Defendants' motion to compel. Declaration of Surya Saxena in Support of Defs.' Mot. to Compel ¶ 2. When they did not reach Mr. Andara, they left him a voice-mail message. Id. Mr. Andara was out of the office "in the morning or early afternoon" of September 12, 2007. Declaration of Lael Andara in Opp'n to Defs.' Mot. to Compel ¶ 2. When Mr. Andara arrived in his office later in the afternoon, he received Mr. Saxena's voice-mail message. Id. ¶ 3. According to the Notice of Electronic Filing on the docket, Defendants filed their motion to compel only hours later, at 3:38 p.m., on September 12, 2007.

Defendants' conduct does not demonstrate a good faith attempt to meet and confer. The docket for this case lists three other attorneys for Plaintiffs in this matter, yet it appears that Defendants did not attempt to contact any of them in an effort to meet and confer when they determined that Mr. Andara was not in his office to answer his phone. Nor does it appear that Defendants contacted Mr. Andara's assistant to determine his whereabouts, as they did in connection with the meet and confer process for the motion for fees and costs at issue in this Order. See Declaration of Surya Saxena in Reply to Pls.' Opp'n to Defs.' Mot. for Fees and Costs ¶ 2. There is no requirement that Defendants go to extraordinary lengths to meet and confer; in this case, however, where Defendants waited until the final day to file a motion to compel before attempting to

2

meet and confer, leaving one message for one of Plaintiffs' attorneys before filing the motion several hours later does not satisfy the basic meet and confer requirement. Accordingly, Defendants' motion to compel is denied without prejudice. The parties shall engage in a meaningful meet and confer about these discovery disputes and, if any of these disputes remain, Defendants may re-file their motion to compel no later than November 6, 2007.

**Motion for Fees and Costs**

Defendants argue that the Court should award them over $900,000.00 in fees and costs because this case is exceptional under 35 U.S.C. § 285 in that: (1) Plaintiffs engaged in inequitable conduct; (2) the patentee withheld the special research necessary to practice the full scope of the claims; (3) Plaintiffs persisted in asserting baseless infringement claims relating to the '760 patent; and (4) the factual basis of a case or controversy regarding the '206 patent were unsupported. See 35 U.S.C. § 285 ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."); Epcon Gas Sys. Inc. v. Bauer Compressors, Inc., 279 F.3d 1022, 1034 (Fed. Cir. 2002) ("[t]he prevailing party may prove the existence of an exceptional case by showing: inequitable conduct before the Patent and Trademark Office; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement.") (citing Hoffmann-La Roche Inc. v. Invamed Inc., 213 F.3d 1359, 1365 (Fed. Cir. 2000)).

Again, there has been no showing that Defendants engaged in meaningful meet and confer before filing this motion. See Civil L.R. 54-6 ("Counsel for the respective parties must meet and confer for the purpose of resolving all disputed issues relating to attorney's fees before making a motion for award of attorney's fees."); Civil L.R. 1-5(n). On September 17, 2007, Defendants' counsel spoke by telephone with Plaintiffs' counsel Amy Gruber, and informed her that Defendants intended to seek fees in the amount of $696,000 and costs in the amount of $265,000. Declaration of Surya Saxena in Reply to Pls.' Opp'n to Defs.' Mot. for Fees and Costs ¶¶ 2-3; Declaration of Amy Gruber in Opp'n to Defs.' Mot. for Fees and Costs ¶¶ 2-4. Ms. Gruber informed Mr. Saxena that she could not stipulate to fees and costs, and requested that Mr. Saxena put the details of his request in writing. Saxena Decl. ¶ 3; Gruber Decl. ¶ 4. Mr. Saxena sent an e-mail that is time and date stamped at 2:31 p.m. on September 17, 2007. Gruber Decl. ¶ 5, Ex. A; Saxena Decl. ¶ 4.

According to the Notice of Electronic Filing on the docket, approximately twenty-four hours later, at 3:10 p.m. on September 18, 2007, Defendants filed the motion for fees. Defendants' rush to file the motion for fees without providing sufficient time to engage in meaningful meet and confer efforts does not satisfy Civil Local Rules 1-5(n) and 54-6. Accordingly, the parties shall meaningfully meet and confer in an effort to resolve the fees and costs matters.

Moreover, the motion for fees is premature. A motion for fees may be filed no later than fourteen days after entry of judgment (see Fed. R. Civ. P. 54(d)(2)(B); Civil L.R. 54-6), but here, there is no entry of judgment and the case remains open and active on the Court's docket. Therefore, even if the Court were to consider the motion for fees in the absence of adequate meet and confer, the Court can discern no reason from Defendants' briefs why it should consider the fees motion at this time. Although it may or may not be that this is an exceptional case warranting an award of fees and costs, Defendants' motion for fees and costs is denied without prejudice as premature.

**IT IS SO ORDERED.**

Dated: October 18, 2007

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge