**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USE TECHNO CORPORATION AND FUTOSHI MATSUYAMA,<br><br>    Plaintiffs,<br><br>  v.<br><br>KENKO USA, INC., et. al.,<br><br>    Defendants.<br>_____/ | No. C-06-02754 EDL<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON PLAINTIFFS' FAILURE TO DISCLOSE DAMAGES AND DENYING AS MOOT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT THAT PLAINTIFFS' FALSE ADVERTISING CLAIM IS BARRED BY UNCLEAN HANDS** |

On April 24, 2006, Plaintiffs Use Techno Corporation and Futoshi Matsuyama (collectively "Plaintiffs") filed this action against Defendants Iovate Health Sciences USA, Inc., Jarrow Formulas, Inc., Jarrow Industries, Inc., Kenko USA, Inc., Soft-Gel Technologies, Inc., Chemco Industries, Inc., Ronald Udell and Siva Hari (collectively, "Defendants"), alleging that Defendants infringed Plaintiffs' United States Patents Nos. 6,485,760 ("the '760 patent") and 6,716,459 ("the '459 patent"), that Defendants' United States Patent No. 6,784,206 ("the '206 patent") is invalid and that Defendants engaged in false advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a).[1] On July 13, 2007, the Court granted Defendants' Motion for Summary Judgment as to claims of direct infringement of the '760 patent, granted Plaintiffs' Motion to Dismiss as to claims of contributory infringement or inducement of infringement against Defendants with respect to the '760

---

[1] Plaintiffs' claims against Iovate Health Sciences USA, Inc., Jarrow Industries, Inc., Jarrow Formulas, Inc. and Siva Hari have either been settled or are in the process of settling. Ronald Udell has been dismissed from this case. The remaining Defendants are Kenko USA, Inc., Soft-Gel Technologies and Chemco Industries, Inc.

patent and granted Plaintiffs' Motion to Dismiss as to the declaratory relief claim for the '209 patent. On September 4, 2007, the Court granted Defendants' Motion for Summary Judgment, holding that the '459 patent was invalid for lack of enablement and inequitable conduct.

On October 2, 2007, Defendants filed two motions for summary judgment directed at Plaintiffs' false advertising claim, arguing that summary judgment is proper because Plaintiffs have failed to provide any expert reports on damages or to disclose any damages theory or computation of damages in initial disclosures or in discovery responses, and because the claim is barred by Plaintiffs' unclean hands. These motions were fully briefed and the Court held a hearing on November 13, 2007. For the reasons set forth below, the Court grants Defendants' motion for summary judgment based on failure to disclose damages and denies as moot Defendants' motion for summary judgment based on unclean hands.

**BACKGROUND**

According to the complaint, Plaintiffs' business is related to "studying natural active chemical compounds and developing, patenting and licensing the application developed." Am. Compl. ¶ 1. Plaintiffs have identified corosolic acid as a specific extract of the Banaba plant (*Lagerstroemia speciosa* (Lin. or Pers.)) leaves that has been found to maintain healthy blood sugar levels in humans. Id. Plaintiffs are "engaged in the business of planting, harvesting, extracting, marketing, and selling corosolic acid extracts for the prevention and treatment of diabetes, obesity, constipation and skin diseases." Id.

Plaintiffs allege that Defendants made false statements that Defendants' products were protected by Plaintiffs' patents for the purpose of deceiving the public. Am. Compl. ¶ 80. Plaintiffs allege that Defendants have committed thousands of separate offenses of false advertising through the Internet, their catalogs and their representatives. Id. ¶ 81.

**DISCUSSION**

**A.    Summary judgment standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. See id. The court may not weigh the evidence. See id. at 255. Rather, the nonmoving party's evidence must be believed and "all justifiable inferences must be drawn in [the nonmovant's] favor." United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1542 (9th Cir. 1989) (en banc) (citing Liberty Lobby, 477 U.S. at 255).

The moving party bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, interrogatory answers, admissions and affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the nonmoving party will bear the burden of proof at trial, the moving party's burden is discharged when it shows the court that there is an absence of evidence to support the nonmoving party's case. See id. at 325.

A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of [that] party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Liberty Lobby, 477 U.S. at 250. The opposing party, however, need not produce evidence in a form that would be admissible at trial in order to avoid a summary judgment. See Celotex, 477 U.S. at 324. Nor must the opposing party show that the issue will be resolved conclusively in its favor. See Liberty Lobby, 477 U.S. at 248-49. All that is necessary is sufficient evidence supporting the asserted factual dispute and requiring a jury or judge to resolve the parties' differing versions of the truth at trial. See id.

**B.    Plaintiffs' unjustified failure to disclose a computation of their damages was not harmless**

Where a party without substantial justification fails to disclose information required by Rule 26 either in initial disclosures or in supplemental discovery responses, and that failure is not harmless, the party may not use that evidence at trial. Fed. R. Civ. P. 37(c)(1). Here, with respect to their false advertising claim, Plaintiffs failed to disclose any damages experts and failed to disclose any damages theory or computation of damages in initial disclosures as required by Federal Rule of

3

Civil Procedure 26(a)(1)(C), in supplemental disclosures or in their interrogatory responses. Specifically, in their initial disclosures, Plaintiffs stated:

> At this stage of the litigation, plaintiffs have not prepared any computation of damages, except that it believes it will at least be entitled to a reasonable royalty due to Kenko USA; Soft-Gel Technologies and Chemco Industries's sales of infringing products, as well as treble actual damages due to their willful infringement, and costs and attorneys' fees. Evidence of willful infringement is provided in the documents. For example, Plaintiffs are informed that Soft-Gel Technologies has released a Gluco-Fit product after the initiation of this litigation which is advertised at 1%-3% Corosolic Acid.

Declaration of Sri Sankaran Ex. A at 7. In their interrogatory responses, Plaintiffs stated:

> The instances of false advertising that Plaintiffs have discovered to date consist of Defendants claims in their advertising and in the marketplace that they own the '459 and '760 patents. As discovery is continuing, Plaintiffs have not yet completed an assessment of their damages.

Sankaran Decl. Ex. B. at 3. Plaintiffs did not make any supplemental disclosures as required by Rule 26(e) and this Court's Case Management and Pretrial Order. Plaintiffs also did not disclose any damages expert. Sankaran Decl. ¶ 5.

Plaintiffs acknowledged at the hearing that they did not provide a computation of damages to Defendants during discovery or at any other time. Plaintiffs have provided no substantial justification for this failure. Plaintiffs blame their failure to disclose their damages calculation in part on Defendants' failure to produce documents relating to damages until September 2007, after the deadline to provide a damages computation. Even if Plaintiffs did not receive damages discovery until September, there is no explanation as to why Plaintiffs failed to disclose a preliminary damages calculation prior to the deadline or to supplement with a damages disclosure after September. Instead, they did nothing about disclosing their damages to Defendants.

Defendants argue that the failure to disclose a calculation of damages was not harmless, rendering summary judgment appropriate, because without a computation of damages from Plaintiffs, Defendants "have no way to defend against Plaintiffs' inchoate damage claims and theories." Defs.' Mot. for Summ J. Based on Failure to Disclose Damages at 4; see, e.g., Multimatic, Inc. v. Faurecia Interior Sys. USA, Inc., 2007 WL 627874, *7 (E.D. Mich. Feb. 26, 2007) (in breach of contract case, party did not include estimate or calculation of damages in its

4

counterclaim, in initial disclosures or in interrogatory responses and did not provide an expert report on damages; finding that failure to disclose was not harmless because defendant was "blindsided," court excluded evidence and granted summary judgment)**.**

Plaintiffs, however, argue that because they have chosen to limit their damages under 15 U.S.C. § 1117(a) to Defendants' profits, the failure to disclose their damages computation was harmless as Defendants were in possession of all the documents that would show those damages.[2] Even though Defendants possessed information about their own profits in general, that does not mean Defendants could determine which subset of their profits in particular Plaintiffs were claiming were due to false advertising when Plaintiffs did not disclose the specific advertisements that were allegedly false, the specific products which were the subject of the allegedly false advertising and, importantly, the time frame during which the sales attributable to the false advertising were allegedly made.  Without this information from Plaintiffs, Defendants had no opportunity to evaluate the actual damages claimed by Plaintiffs.  Plaintiffs' argument in its briefs that Defendants should have simply called Plaintiffs' counsel to ask about the damages calculation misses the mark; it is Plaintiffs' responsibility under the federal rules to disclose their damages computation.

Plaintiffs' failure to disclose a damages expert is not automatically fatal to Plaintiffs' ability to prove their case, although it increases the difficulty.  See, e.g., Yellow Cab Co. v. Yellow Cab Co. of Elk Grove, 2007 U.S. Dist. LEXIS 23497, *10 (E.D. Cal., Mar. 30, 2007) ("Contrary to defendants' suggestions, plaintiff was not obligated to offer expert testimony to support its case. . . .").  However, the lack of a damages expert compounds the harm to Defendants from the absence of any damages computation.

Accordingly, because the failure to disclose any damages calculation was not harmless, Plaintiffs are barred from presenting evidence of damages.  Because damages are an essential element of Plaintiffs' false advertising claim, Plaintiffs cannot prevail on that claim as a matter of law.  See Harper House, Inc. v. Thomas Nelson, Inc., 889 F.2d 197, 210 (9th Cir. 1989) ("In a suit for damages under section 43(a) [of the Lanham Act], however, actual evidence of some injury

---

[2] Defendants point out that prior to Plaintiffs' opposition to this motion, Plaintiffs failed to formally notify Defendants in pleadings or discovery of Plaintiffs' election to pursue disgorgement of Defendants' profits rather than actual damages as a remedy for false advertising.  See Reply at 2:4-5.

5

resulting from the deception is an essential element of the plaintiff's case."); see also Lindy Pen Co. v. Bic Pen Corp., 982 F.2d 1400, 1407 (9th Cir. 1993) ("A plaintiff must prove [under the Lanham Act] both the fact and the amount of damages.").

**CONCLUSION**

Defendants' motion for summary judgment based on Plaintiffs' failure to disclose damages is granted. The Court need not reach the merits Defendants' motion for summary judgment that the false advertising claim is barred by Plaintiffs' unclean hands and therefore denies the motion as moot.

**IT IS SO ORDERED.**

Dated: November 20, 2007

_Elizabeth D. Laporte_
ELIZABETH D. LAPORTE
United States Magistrate Judge