IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USE TECHNO CORPORTATION AND FUTOSHI MATSUYAMA,<br><br>          Plaintiffs,<br><br>     v.<br><br>KENKO USA INC., et al.,<br><br>          Defendants.                                     / | No. C-06-02754 EDL<br><br>**ORDER FOR FEES** |

On March 11, 2008, the Court granted in part and denied in part Defendants' Motion for Attorney's Fees. The Court held that this was an exceptional case pursuant to 35 U.S.C. § 285 and stated that: "An award of fees is warranted for reasonable time spent by Defendants with respect to the invalidity or unenforceability of the '459 patent. Fees for time spent on issues such as noninfringement or false advertising would not be recoverable." Mar, 11, 2008 Order at 5:21-23. The Court ordered Defendants to provide to Plaintiffs a detailed summary of time worked in this case, supported by time sheets, no later than March 31, 2008. The Court ordered the parties to meet and confer to resolve the fee dispute, and to file a joint letter to the court by April 21, 2008 if they were unable to reach a resolution.

In an April 17, 2008 letter to the Court, Defendants' counsel explained that meet and confer efforts had not been successful, and asked the Court to award Defendants $98,678.00 in fees and $50,781.22 for other expenses incurred in connection with invalidity and unenforceability of the '459 patent, but not claim construction or activities after the hearing on the motion for summary judgment on that patent. On April 21, 2008, Plaintiffs sent a letter to the Court disputing that any fees or expenses are recoverable, but also addressing several specific areas of dispute.

The Court has reviewed Defendants' billing records and finds that the attorney billing rates

are reasonable. Moreover, the amount of fees and costs sought are for the most part reasonable, and the Court will address Plaintiffs' specific objections in turn. First, Plaintiffs argue that Defendants' request for $24,500 for a prior art search is unreasonable. According to the invoice for the prior art search, a total of twenty-seven days were spent conducting a search in three languages. This was a reasonable expense given the relevance of prior art to invalidity and inventorship, both of which were raised in the motion for summary judgment with respect to the '459 patent. Although as it turned out, the Court did not need to reach all the issues, counsel had to be prepared to address them.

Second, Plaintiffs argue that Defendants are not entitled to $5,780.00 in expert witness fees for Glenn Prestwick. At the May 6, 2008 hearing on Plaintiffs' Motion to Withdraw, Defendants' counsel explained that he met with Mr. Prestwick regarding his opinion on enablement and best mode, among other topics, and that Mr. Prestwick's opinion was relevant to the validity defense even though the opinion was not ultimately used in any filing. This was a reasonable expense.

Third, Plaintiffs argue that Defendants are not entitled to the costs of translating documents because Defendants have not made a showing as to which documents were translated or for what purpose. At the hearing, Defendants' counsel confirmed that approximately 98% of the documents translated were produced by Plaintiffs, including some documents produced by Use Techno in the Japanese litigation. Because not all of the translated documents fall within this category, the Court reduces the cost award for translated documents by ten percent, which Defendants acknowledged at the hearing would be a reasonable reduction. Reducing the translation costs of $20,242.81 by ten percent equals $18,218.53.

Fourth, Plaintiffs argue that attorney time spent on the inventorship issue relating to the '459 patent was not reasonable because the issue did not form the basis for the Court's ruling on invalidity. See Sept. 4, 2007 Order at 15:20-21 ("In light of the invalidity and unenforceability of the patent on the grounds set forth above, the Court need not reach the issue of inventorship."). Although the Court did not reach that issue, Defendants were reasonable in preparing for and briefing it. Plaintiffs have cited no authority to the contrary.

Fifth, Plaintiffs note that there are fraction markings on several billing entries on Defendants' time sheets. At the hearing, Defendants clarified that the markings indicate that Defendants only

seek a fractional amount of the total billing entry. The Court finds that these reductions in fees are reasonable.

Accordingly, the Court awards fees to Defendants in the amount of $98,678.00, and costs in the amount of $48,756.94, for a total of $147,434.94.

**IT IS SO ORDERED.**

Dated: May 8, 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge